86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gilbert D. CLARK, individually and derivatively on behalf of
the Holland Company, Inc of the Carolinas and
Holland Distributors, Inc., Plaintiff-Appellant,
v.
The B.H. HOLLAND COMPANY, INC., the Holland Company, Inc. of
the Carolinas, Holland Distributors, Inc., the
Holland Company, Inc., Robert B. Holland
and Charles Powers,
Defendants/Cross-Appellants.
 Nos. 95-1008, 95-1020, 95-1441. United States Court of
 Appeals, Federal Circuit.
 May 14, 1996
 
 Before ARCHER, Chief Judge, AND RADER, and BRYSON, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Gilbert D. Clark appeals from the September 9, 1994 judgment of the United States District Court for the Eastern District of North Carolina, No. 92-839-CIV-5-D, holding that Clark is not entitled to a declaration that he is the co-inventor of the barbecue grill claimed in U.S. Patent No. 4,773,319 but holding that Clark is entitled to partial relief on his corporate mismanagement claims. The B.H. Holland Company, Inc., et al. (Holland) cross-appeals the judgment relating to the corporate mismanagement claims. In a separate appeal, No. 95-1441, Clark appeals the district court's "Supplemental Judgment on Valuation of Stock" and "Order Adopting Report of Special Master," both dated June 13, 1995. Because this appeal is disposed of by our decision, we have consolidated No. 95-1441 with this case. We affirm the district court's judgment that Clark is not a co-inventor of the invention claimed in the '319 patent. The court's judgment on the state claims, together with the supplemental judgment and order appealed in No. 95-1441, are vacated because the court lacked supplemental jurisdiction over these claims under 28 U.S.C. § 1367 (1994).
 
 DISCUSSION
 I.
 
 2
 In 1981, Clark and Holland built for themselves two barbecue grills which contained a heat deflector positioned between the heat source (burner) and the grease collection and drainage system to eliminate the flaming of grease collected on the grease pan. Clark's grill was used at numerous public events after 1981 and prior to January 1987. The grease pan employed in the 1981 grill used by Clark was arcuate in shape and slanted to one end.
 
 
 3
 In January 1988, Holland filed a patent application claiming a modified barbecue grill having certain changes over the 1981 grill design, which had been made by Holland without the aid of Clark. The principal change was to the grease collection and drainage system which, according to the district court, was "a level, V-shaped grease pan that allowed more even heat distribution." In his application, Holland was named the sole inventor. The application resulted in the '319 patent, which issued in September 1988.
 
 
 4
 In December 1992, Clark brought suit pursuant to 35 U.S.C. § 256 (1994) for a declaratory judgment that he is a co-inventor of the grill claimed in the '319 patent. A jury found in special interrogatories in favor of Clark on the co-inventorship issue. It also found, however, that Clark's 1981 grill was on sale or in public use in the United States more than one year (sometimes referred to as the "critical date") before the '319 patent application was filed. 35 U.S.C. § 102(b) (1994). On post trial motions, the court set aside the jury's finding that Clark is a co-inventor. It noted that Clark's 1981 grill had been in public use prior to the critical date and thus represented prior art to the '319 patent. It also noted that Clark admitted that he did not contribute to the grease pan design of the modified grill. The court also held that the '319 patent did not claim the 1981 grease pan configuration. Therefore, according to the court, Clark failed to prove by clear and convincing evidence that he is an inventor of the invention claimed in the '319 patent.
 
 
 5
 In addition to the co-inventorship claim, Clark, as a minority stockholder and former employee, sought relief under North Carolina law for corporate mismanagement of the Holland companies. Clark asserted state law claims for breach of fiduciary duty, wrongful discharge, improper stock transfers in breach of shareholder agreements, disappointment of minority shareholder's rights, corporate misconduct by unauthorized merger and co-mingling of corporate funds. He also sought a declaration that certain stockholder infusions of money into the Holland companies were capital contributions rather than loans. And, finally, Clark brought a shareholder derivative action on behalf of the Holland companies.
 
 
 6
 The jury's verdicts found for Clark as to most of the state law claims. It also assessed damages in favor of Clark and nominal damages for the Holland companies on the derivative action. Judgment was entered on these findings as to the state law claims. Thereafter, however, the district court set aside the damage award to Clark and ordered further proceedings which resulted in the supplemental judgment and order appealed in No. 95-1441.
 
 II.
 
 7
 Before reaching the merits of these appeals, we must consider a threshold jurisdictional issue. There is no question that the district court had subject matter jurisdiction over Clark's claim for a declaration that he was a co-inventor of the grill claimed in the '319 patent. See 28 U.S.C. §§ 1338, 2201 (1994). Concerned about the district court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, we asked counsel for the parties to address this jurisdictional question at oral argument. The amended complaint relied on section 1367 for jurisdiction over the state law claims and this was the only jurisdictional section raised before the district court. At argument, no other jurisdictional basis was cited. Instead, both counsel argued that section 1367 provided grounds to decide these claims, contending generally that the facts and issues were all interrelated. We disagree.
 
 
 8
 In order for a federal court to exercise supplemental jurisdiction over state claims the provisions of section 1367 must be satisfied. It requires that the supplemental state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (1994). Section 1367(a) "incorporates the constitutional analysis of the Gibbs case." 13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3567.1, at 25 (Supp.1995). In Gibbs, the Supreme Court held that for a federal court to have jurisdiction over state law claims, "the state and federal claims must derive from a common nucleus of operative facts," and as such, they would ordinarily be expected to be tried in one proceeding. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). "The relatedness requirement of section 1367(a) is satisfied by any claim meeting the 'common nucleus of operative fact' test of Gibbs." Mars, Inc. v. Kabushiki-Kaisha Nippon Conclux, 24 F.2d 1368, 1374, 30 USPQ2d 1621, 1625 (Fed.Cir.1994) (district court erred in assuming it had supplemental jurisdiction over a foreign patent infringement claim under Section 1367(a)).
 
 
 9
 Under proper application of the supplemental jurisdiction statute, we are convinced that the district court lacked jurisdiction over the state claims in this case. The facts related to those claims are separate and irrelevant to the facts involved in the inventorship issue. The inventorship claim concerns only whether Clark as an individual contributed in any manner to the invention claimed by Holland as an individual in his '319 patent. Clark's asserted contribution to this invention is not in any way involved in the corporate mismanagement claims. As to those claims, Clark contended that Holland, Powers and other investors, manipulated the corporations in a manner that damaged Clark's minority share interest and his status as an employee. The corporate activities at issue took place some time after the patent application was filed and the '319 patent issued. As noted, neither counsel at oral argument articulated any specific facts that made up a common nucleus of operative facts. Counsel only argued in generalities that the facts and issues were interrelated. Because we discern no common nucleus of operative fact between the state claims and the inventorship claim, we reluctantly conclude that the district court lacked supplemental jurisdiction under § 1367 to decide the state claims. "Federal courts may not assume jurisdiction where none exists." Mars, 24 F.3d at 1375, 30 USPQ2d at 1626. Therefore, we vacate the district court's appealed judgment in Nos. 95-1008, -1020 insofar as it relates to those claims. Our decision requires that the appealed supplemental judgment and order in No. 95-1441 be vacated as well. Accordingly, the district court's judgment, supplemental judgment and order as to the state law claims are vacated for lack of supplemental jurisdiction under 28 U.S.C. § 1367.
 
 III.
 
 10
 The district court denied Clark's request for a declaration of co-inventorship, despite the jury's findings, because Clark did not contribute to the conception of patentable subject matter encompassed by the claims of the '319 patent. Clark designed either solely or in cooperation with Holland the 1981 barbecue grill which added a heat deflector plate between the burner and the grease pan to eliminate the flaming of the grease in the grease pan. The grease pan employed in the 1981 grill was round in shape and sloped from one end of the grill to the other to enable grease to drip from cooking meat and flow to the lower end of the grease pan, where a drain was positioned. The evidence of repeated public use of the 1981 grill, rendering this grill unpatentable and prior art to the '319 patent, is undisputed. The district court found that Holland's patented grill employed a level, V-shaped grease pan that allowed more even heat distribution. Because of the prior art 1981 grill, the district court narrowly construed the claims of the '319 patent as being limited to a grill with a level grease pan with a V-shaped grease collecting means. We agree that the district court properly adopted this narrow claim construction. Clark admits that he did not contribute to this modified and improved grease pan design. As a result, the district court correctly determined that the claims of the '319 patent do not cover a grill with Clark's rounded, slanted grease pan and that Clark had failed to meet his burden of proving by clear and convincing evidence that he contributed to the conception of patentable subject matter encompassed by the claims of the '319 patent. We affirm the district court's judgment that Clark was not a co-inventor of the invention claimed in the '319 patent.